HAMITER, Justice.
Under a written contract of lease from' ihe defendant company, of date September 6, 1950 and being for a term of five years; plaintiff operated a luncheonette and cafeteria in a portion of the lessor’s store on Canal Street in New Orleans until such contractual relationship was-..terminated by mutual agreement in.the latter part of February, 1953.
In accordance with the leas'e’s provisions’ the lessee daily turned over to the lessor all of the receipts" of the business; and from them the latter undertook'to pay certain expenses of the former, including the wages of his employees. Then on the 15th-day of each month the lessor remitted -by-check to the lessee the funds received’ by it less the sums expended for his account during the preceding month, at the same time furnishing to him a statement on which was itemized all of the receipts and "disbursements. . , ,
On May 8, 1953, a few month's after-the cancellation of the lease, the lessee instituted this suit to recover from the lessor t-he sum of $2,369.01 which allegedly-represented, receipts from the luncheonette-and cafeteria that were used by--the'-defendant- to.'-pay Christmas: bonuses in 195hand 1:952rt.o..,e.mt: ployees of plaintiff without- his cOnsentrapd over his objections. Answering,,-.the ...de-j fendant denied liability and 'averred.cdfem? atively that plaintiff had agre.ed-to'-th'ejex’: penditure of the funds, :' s
Ait the conclusion "of ;thé tfial ’ of -the merits, in'documents verififed-'by affidavits'; the' defendant "specially 'pleaded estoppel; lách’fes,' and accord and’ satisfáction, all in *923 bar of plaintiff’s demand. To these pleas plaintiff’s counsel objected on the ground that, they came too late. The objection was overruled.
Later, the district judge rendered and signed a judgment dismissing the suit, he. stating therein that “plaintiff has failed to prove his claim- under the contract and that, in addition, there was an accord and satisfaction which precludes recovery on his part.” The plaintiff is appealing.
Our careful and thorough examination of the testimony contained in the record convinces us that the judge correctly conclúd'ed that an accord and satisfaction has barred appellant’s demand.
Mr. Leon Heymann, president of the defendant company and with whom plaintiff principally dealt with respect to the making, amending, operating, and cancelling of the l'éasé, testified that occasionally, when the monthly settlements were effected, errors weré disclosed by the statements furnished and were called to defendant’s attention; but that these were promptly rectified. Again,' when plaintiff sought to cancel the le'áse in-February, 1953, although the required notice had not been given, such witness, acting for the' company, agreed to the cancellation and'-also negotiated with him for a satisfactory settlement of the contractual relationship. This settlement included the refunding by defendant to plaintiff of substantial ■ sums, evidenced by five separate checks, which were for unused portions of group insurance on his employees, a state license, a service charge on an ice-making machine, and merchandise purchased by him.
Heymann further said that never when the numerous monthly statements and checks were issued (except as to the two in which the bonus deductions here complained of were made), or during the negotiations leading to the final settlement, did the plaintiff mention to him or to any other company official that a credit for the deducted Christmas bonuses should be allowed. And he was emphatic in his statement that' the ultimate negotiations were undertaken on the basis of a complete settlement between the parties; that he would not have refunded to plaintiff the sums mentioned had he been informed that the claim involved in this suit would be urged.
The testimony of the witness Heymann is corroborated by the monthly statements and remittances and the final refunds (the statements and checks were introduced into evidence), and also by the testimony of the plaintiff himself. The latter testified that his only protest concerning the deductions for bonuses was when each of the two occurred; that he did not at any other time complain about them because he thought it would be futile to do so; that he received the various itemized monthly statements; and that all of the monthly remittances were deposited to his account. His testimony as to the final settlement refunds was substantially the same as that of Heymann’s; and it also reveals that there was no obli *925 gation on the part of the defendant, under the lease, to make such a settlement. He further stated that when thus terminating their business relationship he did not say anything about the present claim even though at that time he knew he was going to file suit to attempt to recover the amount of the bonus deductions.
To summarize, the evidence conclusively discloses that plaintiff received the monthly statements and accepted and used the accompanying remittances, all of which were obviously deemed by the company to be complete monthly accountings and settlements; and that thereafter he entered into negotiations for and he concluded a final accounting of his affairs with the defendant, accepting funds in the discharge of all claims then presented and without even suggesting that he was entitled to credit for the bonus deductions which, incidentally, represented payments made to his own employees and for his direct benefit. Under these circumstances he is precluded from recovering the amount herein demanded. See Berger v. Quintero, 170 La. 37, 127 So. 356, Henriques v. Vaccaro, 220 La. 216, 56 So.2d 236 and Davis-Wood Lumber Company, Inc. v. Farnsworth & Co., Inc., La.App., 171 So. 622 (cited with approval in the first two cases).
But counsel for plaintiff insist that defendant’s plea of accord and satisfaction, filed at the conclusion of the trial, should not be considered at all. Their objection to the plea when offered, as aforestated, was that it came too late. In this court they complain that it does not carry the certificate, required by LSA-R.S. 13:3601(6), that it was filed in good faith and not merely for the purpose of delay.
The answer to the first quoted objection is that the plea in question is in the nature of a peremptory exception which may be tendered in every stage of the action previous to the definitive judgment. Code of Practice Article 346.
As to the lack of a certificate reciting that the plea was filed in good faith and. not merely for the purpose of delay, about which plaintiff secondly complains, the original source of the relied on and above cited statutory provision was Act 157 of 1912 wherein the requirement was that “Every exception which may be filed in advance of the filing of an answer, shall be accompanied by a certificate * * Hence, it might well be concluded fhat the provision invoked by plaintiff has reference only to an exception filed in advance of the answer, not to one offered after trial as here. And especially does this seem logical when it is considered that the instant plea could in no manner have occasioned a delay in the proceeding. (Italics ours.)
However, it is not necessary for us to so conclude, for attached to' the’plea of accord and satisfaction of the defendant •company is an affidavit of.its president that the allegations therein .made ar.e true hnd correct; and such, affidavit,,verifying á de *927 fense based on evidence already adduced, was the equivalent in effect to a certificate of good faith. See Brown v. Mayfield, La. App., 45 So.2d 912.
Since the discussed plea of the defendant is meritorious a consideration of the issues relative to plaintiff’s rights under the lease contract becomes unnecessary. To this counsel for plaintiff seemingly agree, for in their brief they state: “The District Court, in its reasons for judgment, stated it found that the plea of accord and satisfaction was good, which would necessarily result in a judgment for the defendant, if correct, regardless of the interpretation to be placed on the lease. ■ * * *”
For the above reasons the judgment of the district court is affirmed.